```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

Jackie's Restaurant, LLC,

    **Plaintiff,**

      v.

Plaza Carolina Mall, L.P.,

    **Defendant,**             CIVIL NO. 17-2376 (RAM)

Plaza Carolina Mall, L.P.,

    **Counter Claimant,**
      v.
Jackie's Restaurant, LLC,

    **Counter Defendant.**

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Plaza Carolina Mall, L.P.'s *Motion to Strike Hui Yu Ye's Declaration at 35-24* and Plaintiff's opposition thereto. (Docket Nos. 38 and 45). Having considered the parties' submissions, the *Motion to Strike Hui Yu Ye's Declaration at 35-24* at Docket No. 38 is **GRANTED** in part and **DENIED** in part for reasons set forth below. The Declaration's portions not based the affiant's knowledge are stricken from the record.

### I.   PROCEDURAL BACKGROUND

In its December 19, 2017 *Complaint*, Plaintiff Jackie's Restaurant, LLC's ("Plaintiff" or "Jackie's") claims that it could

rescind the Lease Agreement ("Lease" or "Agreement") executed with Defendant Plaza Carolina Mall, L.P. ("Defendant" or "PCM") on September 4, 2012. (Docket Nos. 8-1 at 8-12). Therefore, Jackie's argues that it is owed the return of its security deposit and unused September 2017 rent.[1] Furthermore, Plaintiff also asks the Court to: (1) declare Jackie's the fee simple owner of the equipment inside the leased premise and that PCM lacks a right to said equipment; and (2) order PCM to pay fourteen thousand dollars ($14,000.00) if Jackie's loses potential offers to buy the same. Lastly, Jackie's requests that the Court order PCM to pay the lawsuit's costs and ten thousand dollars ($10,000.00) in attorney's fees. Id. at 13-19.

On September 28, 2018, PCM filed a *Motion for Summary Judgment* ("PCM's MSJ") and its statement of uncontested material facts ("PCM's SUMF"). (Docket Nos. 34 and 34-2). Plaintiff subsequently filed *Jackie's Opposition to Plaza Carolina's Motion for Summary Judgment* (Docket No. 36) countered by *Defendant's Reply to Jackie's Opposition for Motion for Summary Judgment*. (Docket No. 42).

On October 15, 2018, Jackie's filed a *Motion for Summary Judgment* ("Plaintiff's MSJ") alongside a statement of uncontested material facts ("Plaintiff's SUMF"). (Docket Nos. 35 and 35-28). PCM then filed *Defendant's Memorandum in Opposition to Plaintiff's*

---

[1] PCM removed this case to federal court on December 22, 2017. (Docket No. 1; certified English translation at Docket No. 8-1).

*Motion for Summary Judgment*. (Docket No. 39). The Court will address the pending *Motions for Summary Judgment* (Docket Nos. 34 and 35) and related submissions in a separate Opinion and Order.

On November 15, 2018, PCM filed a *Motion to Strike Hui Yu Ye's Declaration at 35-24* ("*Motion to Strike*"). (Docket No. 38). PCM claims that Ms. Hui Yu Ye's, Plaintiff's managing partner, October 15, 2018 Unsworn Declaration Under Penalty of Perjury (the "Declaration") must be stricken from the record as it is a sham affidavit, contains inadmissible hearsay and conclusory statements, and contradicts what she testified in her June 27, 2018 Deposition. Id. at 9-11. Plaintiff replied by filing *Jackie's Opposition to Plaza Carolina's "Motion to Strike Hui Yu Ye's Declaration at 35-42"* ("*Opposition to Motion to Strike*"). (Docket No. 45).

## II. DISCUSSION

Affidavits filed alongside a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). When evaluating the admissibility of an affidavit, "**personal knowledge is the touchstone.**" Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001). Moreover, this "knowledge must concern facts as opposed to conclusions, assumptions, or surmise." Santana Vargas v. Santander Financial Services, Inc., 2018 WL 9616878, *2 (D.P.R.

2018) (quotation omitted). Even self-serving affidavits may be admissible if they contain "relevant information of which [a party] has first-hand knowledge." Figueroa-Carrasquillo v. Axiscare Health Logistic, Inc., 2018 WL 8619913, at *1 n. 2 (D.P.R. 2018).

Defendant posits that since many of affidavit's statements contradict Ms. Yu Ye's Fed. R. Civ. P. 30(b) Deposition (the "Deposition"), the affidavit is a sham. (Docket No. 38 at 2). Under the sham affidavit rule, after discovery "a party may not use a later affidavit to contradict facts previously provided to survive summary judgment, unless the party provides a satisfactory explanation for providing post summary judgment affidavit." Rodriguez-Soto v. Presbyterian Med. Anesthesia Grp., 2019 WL 1349991, at *4 (D.P.R. 2019) (citation omitted). However, if a party's affidavit partially complies with Fed. R. Civ. P. 56(c)(4), striking it all together may be too harsh a sanction. See Medina Rodriguez v. Canovanas Plaza Rial Econo Rial, LLC, 2019 WL 5448538, at *2 (D.P.R. 2019) (citation omitted). A court should therefore approach an affidavit with a "scalpel, not a butcher's knife" to disregard inadmissible portions while crediting the rest. Perez, 247 F.3d at 315; see also, Int'l Shipping Agency, Inc. v. Union de Trabajadores de Muelles Local 1740, 2015 WL 5022794, at *4 (D.P.R. 2015) (collecting cases). PCM also moves to strike the Declaration because it contains facts not personally known to Ms. Yu Ye. (Docket No. 38 at 2). Lastly, PCM moves to strike the Declaration

as it is "replete" with unsupported conclusory language and hearsay. Id.

However, a look at the Declaration and Plaintiff's *Opposition to Motion to Strike* (Docket No. 45) reveal otherwise. Most of the statements **are** accurate reflections of evidence already on the record, are based on Ms. Yu Ye's personal knowledge as Jackie's managing partner or do not directly contradict her Deposition. Thus, the Court may rely upon statements which are known to her and which she could testify about in court. *See* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602.

Not all the statements pass muster however. Even if the Declaration does not contradict her previous Deposition, the Court may still disregard sections of the same which do not comply with Fed. R. Civ. P. 56(c)'s personal knowledge requirement or do not show that Ms. Yu Ye is competent to testify on the matter. *See e.g.*, Medina Rodriguez, 2019 WL 5448538, at *3 (holding that even if plaintiff's affidavit was not inconsistent with his deposition, the Court would still disregard portions not based on personal knowledge). For example, in paragraph 5 of the Declaration, Ms. Yu Ye claims that her and her business partner wanted to rent a space in a food court to benefit from "having a restaurant in a mall with its regular operations and common areas open to the public which should represent a high volume of customers for Jackie's." (Docket No. 35-27 ¶ 5). Hence, they were willing to pay a higher

rent, among other additional expenses. Id. PCM replies that the statement lacks a factual basis and that Jackie's fails to proffer evidence showing that it compared the leased space's rent with that of other spaces. (Docket No. 38 at 4). PCM also posits that her Deposition never mentioned that she rented the space due to common area access or its regular operations. Id. Jackie's counters by referencing parts of Ms. Yu Ye's Deposition where she explained that her business partner had previously opened a restaurant in a mall which gave her an idea of the volume of people and how if the mall does not open, there is insufficient business to make any earnings. (Docket No. 45 at 5-6).

Yet, Ms. Yu Ye's conversations with her business partner about his other restaurant are insufficient to establish her personal knowledge as to a high volume of customers in the food court area. *See e.g.*, Aronson v. Peoples Natural Gas Co., 180 F.3d 558, 563 n. 2 (3d Cir. 1999) (affirming rejection of statement based on conversations with others because it was hearsay and not based on personal knowledge); Barlucea Matos v. Corporacion del Fondo del Seguro del Estado, 2013 WL 1010558, at *5 (D.P.R. 2013) (holding that statements made to affiant by an unidentified person at an unspecified time do not establish personal knowledge). Paragraph 5 of the Declaration is hereby **stricken** from the record.

Statements which "merely embellish facts and provide her subjective characterization of the circumstances" leading to

Jackie's attempt to rescind the lease and file suit against PCM are also improper under Fed. R. Civ. P. 56(c). Velez v. Marriott PR Management, Inc., 590 F. Supp. 2d 235, 250 (D.P.R. 2008). In paragraph 22, Ms. Yu Ye states that since PCM cannot say how long the repairs and reopening would take, there is no business and she cannot make any earnings. (Docket No. 35-27 ¶ 22). PCM replied that the statement fails to describe why Jackie's would have no business despite other businesses in the Mall being open and the presence of patrons, tenants and contractors. (Docket No. 38 at 6-7). Jackie's retorted that this statement is practically a copy of Ms. Yu Ye's Deposition testimony and that "common sense dictates that, if most stores as well as the mall's common areas are closed, with a few food stores open, the earnings would not be those as when the mall was operating fully." (Docket No. 45 at 9). Ms. Yu Ye's "common sense" argument however does not show her personal knowledge. Paragraph 22 is hereby **stricken in part** from the record.[2] See Fitzpatrick v. National Mobile Television, 364 F.Supp. 2d 483, 497 (M.D. Pa. 2005) (holding that "common knowledge" does not establish "personal knowledge" since "'common knowledge' could be hearsay, or mere rumor or innuendo").

Paragraphs 44 and 45 are stricken for similar reasons. Paragraph 44 states that Jackie's had to close due to the Mall not

---

[2] The second part of the Paragraph 22, concerning Plaintiff's legal counsel's email to PCM terminating the Agreement and requesting the return of the security deposit and unused rent, was supported by evidence and shall not be stricken.

being able to resume its full operations within a short timeframe. (Docket No. 35-27 ¶ 44). Whereas Paragraph 45 states that Jackie's would not have closed if the Mall had resumed "operations sooner, but the repairs were taking too long. […] If the mall doesn't open, Plaintiff doesn't have enough people to go to the restaurant, no business, so it can't open up, can't make any earnings." Id. ¶ 45. PCM alleges that these statements are self-serving and conclusory and should therefore be stricken. (Docket No. 38-at 9). In the *Opposition to Motion to Strike*, Jackie's cites parts of the Deposition which include basically identical language to these paragraphs and where Ms. Yu Ye explains that Jackie's had to close due to PCM not being able to "provide the resources" or "the ambiance for business." (Docket No. 45 at 14). However, Ms. Yu Ye still fails to prove why Jackie's had to close, that Jackie's would have opened had PCM resumed operations sooner or that Jackie's would not have made sufficient earnings if it had opened when PCM requested it to. Her opinion and conclusions in paragraphs 44 and 45 are thus insufficient to show her personal knowledge in these matters. *See* Almeida-León v. WM Capital Management, Inc., 2019 WL 2052601, at *7 (citation omitted) ("Nor can an affidavit's factual assertions be generalized or fail to indicate how they are based on personal knowledge.") Lastly, Paragraphs 7, 27, 32, 36 and 37 are also **stricken** from the record for the same reasons. (Docket No. 35-27).

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Strike* at Docket No. 38 is hereby **GRANTED** in part and **DENIED** in part. Paragraphs 5, 7, 22 (in part), 27, 32, 36-37, 44 and 45 are **STRICKEN** from the record as are the statement of facts in Plaintiff's *Statement of Uncontested Material Facts* (Docket No.35-28) which are derived from the same.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of June 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge